# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:09-CV-111-RLV-DCK

| | |
|---|---|
| KATHY A. CURTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 9) and "Memorandum Of Law In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 10), filed February 18, 2010; and "Defendant's Motion For Summary Judgment" (Document No. 12) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 13), filed April 14, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Kathy A. Curtis ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On December 6, 2006, Plaintiff filed an application for a period of disability, disability insurance

benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.*, and for supplemental security income, alleging an inability to work due to a disabling condition beginning January 18, 2005. (Transcript of the Record of Proceedings ("Tr.") 9). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on March 1, 2007, and again after reconsideration on September 12, 2007. (Tr. 9). Plaintiff filed a timely written request for a hearing on November 14, 2007. On December 17, 2008, Plaintiff appeared and testified at a hearing before Administrative Law Judge Helen O. Evans ("ALJ"). (Tr. 9-14). On February 25, 2009, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 9, 23-57).

Plaintiff filed a request for review of the ALJ's decision on or about May 5, 2009, which was denied by the Appeals Council on September 25, 2009. (Tr. 1-5). The February 25, 2009 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (Tr. 1). Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 8, 2009. (Document No. 1). The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v.

Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 18, 2005, and the date of her decision.[1] To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

3

(1987). The ALJ noted that Plaintiff was required to "establish disability on or before [December 31, 2008] in order to be entitled to a period of disability and disability insurance benefits." (Tr. 9).

The ALJ found that Plaintiff was not "disabled" at any time between January 18, 2005, and the date of her decision, February 25, 2009. (Tr. 9). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that the Plaintiff was <u>not</u> disabled.

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since her alleged disability onset date. (Tr. 11). At the second step, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine at L4-5, status post lumbar fusion and decompression; carpal tunnel syndrome; and dysthymia secondary to physical condition, were

4

severe impairments. (Tr. 11-12).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 12).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work, with the following limitations:

> claimant is capable of lifting/carrying 20 pounds occasionally and 10 pounds frequently as well as sit, stand or walk 6 hours in an 8 hour workday, but needs a sit/stand option in one hour increments and can use the upper extremities only on a frequent basis. She has postural limitations of occasionally climbing stairs, balancing, stooping/bending or crouching/squatting and never climbing ropes/ladders. She can do frequent reaching and handling and has environmental limitation of avoid concentrated exposure to ordinary workplace hazards.... With respect to her mental impairment, the claimant is limited to simple, routine, repetitive tasks, not performed in a production or quota based environment, and involving only simple, work-related decisions; she should not work closely with the general public or in close coordination with others but can work in the presence of co-workers and can respond appropriately to supervisors; she is limited to no positions of responsibility for other safety or performance, occasional changes in a work setting or assignment and can only work at low-stress jobs without numerical production goals....

(Tr. 13-14). In making her finding, the ALJ considered all symptoms and the extent to which the symptoms could be reasonably accepted as consistent with the objective medical evidence and other the evidence, and she considered opinion evidence. (Tr. 14).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a skein winder, sock pairer, and hand packaging medium. (Tr. 20). At the fifth and final step, the

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

ALJ concluded based on the testimony of a vocational expert and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 21). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included router, linen grader, and mail clerk. (Tr. 21-22). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between December 6, 2006 and the date of her decision, February 25, 2009. (Tr. 22).

Plaintiff on appeal to this Court does not make any assignment of error; rather, Plaintiff contends that the ALJ's unfavorable decision should be reversed and/or remanded on the basis of new and material evidence. (Document No. 10, p.1). The alleged new and material evidence involves an examination and evaluation received by Plaintiff on or about September 14, 2009. (Document No. 9-1). This "new and material evidence" therefore became available almost seven (7) months after the ALJ's decision, and approximately two weeks before the Appeals Council ruling denying review. (Tr.1, 9).

Plaintiff's motion contends that she has met the requirements for remand according to Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). The undersigned respectfully disagrees. The Court may, for good cause shown, remand a case and order additional evidence to be taken, "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "Evidence is new within the meaning of this section if it is not duplicative or cumulative. . . . Evidence is material if there is a reasonable possibility that the new evidence would have changed

the outcome." Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991).

Here, the undersigned finds Defendant's argument that the additional evidence is not "material" persuasive. It is very unlikely the additional evidence would have changed the ALJ's opinion. First, the evidence is from an examination seven months after the ALJ's decision, and almost ten months after the December 31, 2008 date by which Plaintiff had to establish a disability. The report itself does not purport to describe Plaintiff's condition during the alleged period of disability. (Document No. 9-1). Plaintiff's argument that the opinion "is close enough in time to be an accurate report of the claimant's limitations at the time of the hearing" is not convincing. (Document No. 10, p.8). Moreover, the additional evidence does not appear to be inconsistent with the ALJ's decision – Dr. McCloskey basically opines that if Plaintiff returns to work she will need a sedentary job with a sit/stand option. Id. As such, the undersigned cannot find that there is a reasonable possibility that the "new" evidence would have changed the outcome.

Defendant also argues that Plaintiff cannot demonstrate good cause for failing to present the evidence to the Commissioner in the first instance. (Document No. 13, p.5). Defendant notes that as soon as Plaintiff realized the hospital was having copying and transcription problems, she could have informed the Appeals Council and given notice that she would be submitting the additional evidence. Id. Even accepting that Plaintiff faced some logistical challenges, almost two weeks seems to be sufficient time to have submitted additional evidence, or at least notice of the additional evidence. Although given less weight in this decision than the materiality of the "new" evidence, the undersigned agrees that Plaintiff has failed to establish good cause for her failure to incorporate this evidence into a prior proceeding.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 9) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 12) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Richard L. Voorhees.

**IT IS SO RECOMMENDED**.

Signed: February 7, 2011

David C. Keesler
United States Magistrate Judge