# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### CASE NO.: 5:09-CV-111

| | |
|---|---|
| KATHY A. CURTIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 9), filed February 18, 2010, and Defendant Commissioner's Motion for Summary Judgment (Doc. 12), filed April 14, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David C. Keesler was designated to consider and recommend disposition of the aforesaid motions. In a Memorandum and Recommendation Opinion ("M & R"), filed February 9, 2011, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the Commissioner's decision be affirmed. Plaintiff, through counsel, filed a timely Objection to the Magistrate Judge's M & R on February 25, 2011, and Defendant filed a Reply to Plaintiff's objections on February 28, 2011. These motions are considered herein.

## I. INTRODUCTION

The Court adopts the uncontested Procedural History as set forth on pages one and two of Magistrate Judge Keesler's M & R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court shall make a de novo determination of those portions of a magistrate judge's report or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court's review of the Commissioner's final decision is limited to the following two issues: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). So long as a reasonable mind might accept as adequate the evidence in support of the Commissioner's decision, the Court should not reweigh the evidence or substitute its judgment for that of the Commissioner. *Hays*, 907 F.2d at 1456 (4th Cir. 1990); *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

### III. DISCUSSION

Plaintiff contends that the Administrative Law Judge's ("ALJ's") unfavorable decision should be remanded to the Commissioner on the basis of "new and material evidence," namely a report by Dr. McCloskey (Doc. 9-1), which became available almost seven months after the ALJ's decision and approximately two weeks before the Appeals Council's denial of review. Plaintiff accordingly objects to the Magistrate Judge's M & R, contending that this additional evidence would have resulted in a favorable decision by the ALJ, and asks that the case be remanded to the Commissioner. (Doc. 15 at 4, 6.)

The four requirements for remand on the basis of new and material evidence are listed in *Borders v. Heckler*, 777 F.2d 954 (4th Cir. 1985). First, "the evidence must be relevant to the determination of disability at the time the application was first filed . . . ." *Id.* at 955. This evidence must not be merely cumulative or duplicative. *Wilkins v. Sec'y of Health and Human*

*Servs.*, 925 F.2d 769, 774, *rev'd on other grounds*, 953 F.2d 93, 96 (4th Cir. 1991). Second, the evidence must be "material" in that, had it been available at the time the Commissioner decided, the decision may reasonably have been different. *Borders*, 777 F.2d at 955. Third, there must be good cause for failure to submit the evidence before the Commissioner's decision. *Id.* Finally, there must be at least a general showing of the evidence. *Id.* The Government, with whom the Magistrate Judge is in agreement, claims that Dr. McCloskey's report is not material and that no good cause for the failure to timely submit this evidence has been shown. (Doc. 13 at 4; Doc. 14 at 7.)

A. Plaintiff's "New" Evidence Is Not Material; There Is No Reasonable Possibility Dr. McCloskey's Report Would Have Changed the Outcome of the Commissioner's Decision

Plaintiff's objection to the M & R centers on a determination of residual functional capacity. Dr. McCloskey, who by Plaintiff's admission is not the treating physician and therefore is not entitled to controlling weight (Doc. 15 at 4), suggested that if Plaintiff were to return to work, "this would have to be a sedentary job that allows her to stand and sit at will for prolonged sitting aggravates her back pain, as does prolonged standing" (Doc. 9-1 at 1). Had the ALJ found Plaintiff to be limited to "sedentary" work, per 20 C.F.R. § 404, Subpart P, Appendix 2, Plaintiff would be considered disabled and awarded disability benefits.

However, the ALJ found the claimant to have the capacity to perform "light" work, except the claimant is capable of lifting or carrying twenty pounds occasionally and ten pounds frequently as well as sitting, standing, or walking for six hours in an eight-hour workday, *but needs a sit/stand option in one-hour increments* and can use the upper extremities only on a frequent basis. (Tr. 13–14.) As explained in Social Security Ruling 83-12, a plaintiff may not be functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work or the prolonged standing or walking contemplated for most light work.

Therefore, the ALJ, in accordance with the agency ruling, consulted the vocational expert to clarify the implications for the occupational base. (Tr. 52–55.) The vocational expert in this case was able to identify several jobs in the national economy available in light of Plaintiff's limitations and in which a person can sit or stand with a degree of choice. (Tr. 55–56.)

In short, the ALJ did not strictly confine Plaintiff's residual functional capacity to the "light work" category. The ALJ's "light work" designation, softened by numerous considerations and exceptions, is in fact consistent with Dr. McCloskey's opinion. Dr. McCloskey stressed Plaintiff's need to change positions regularly—a need recognized by the ALJ. The physician's mere use of the word "sedentary" does not render material the difference between regular seated breaks from a standing position and regular standing breaks from a seated position; Plaintiff makes a distinction without a difference. With the aid of a vocational expert and in light of all symptoms and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, the ALJ found Plaintiff's residual functional capacity to be somewhat less than the specifically defined exertional range of "light" work but nonetheless sufficient to make an adjustment to work other than that previously performed.

Furthermore, the ALJ's residual functional capacity determination limited Plaintiff to simple, routine tasks in a low-stress environment, removed from the general public or teamwork-oriented demands. (Tr. 54–55.) Accordingly, Dr. McCloskey's additional concern that Plaintiff lacks the focus for customer-service-oriented employment is abated. (Doc. 9-1 at 1.)

Finally, Dr. McCloskey's report concerns an examination that took place seven months after the ALJ's decision and nearly ten months after the date by which the disability must have manifested for Plaintiff to be entitled to disability and disability insurance benefits. (Doc. 9-1 at

1; Tr. 177.) Although the report itself does not purport to describe Plaintiff's condition during the alleged period of disability (Doc. 9-1), Plaintiff claims the report "is close enough in time to be an accurate report of the claimant's limitations" during the relevant time period (Doc. 10 at 8). The Court finds this unconvincing. Because Plaintiff has not shown how the report relates to Plaintiff's medical condition during the relevant period, as opposed to subsequent deterioration, it cannot change the outcome of the case and thus is not material. *See Jones v. Astrue*, No. 5:07-CV-452-FL, 2009 WL 455414, at *11 (E.D.N.C. Feb. 23, 2009) (citing *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)) (requiring the claimant to show how new evidence relates to the claimant's condition at the time of the hearing).

B. Plaintiff Has Not Demonstrated Good Cause for Having Failed to Submit the Evidence to the Commissioner for Consideration During the Course of the Administrative Proceedings

Although Dr. McCloskey's report became available eleven days before the Appeals Council's denial of review, Plaintiff failed to obtain and submit the report before the Appeals Council made its decision. (Doc. 10 at 9.) Defendant argues that Plaintiff cannot demonstrate good cause for failing to present the McCloskey report to the Commissioner in the first instance. (Doc. 13 at 5.) Plaintiff would excuse her failure to submit this one-to-two-page report in light of "time delays with transcription and copying." Although the Court, like the Magistrate Judge, gives this basis for rejecting Plaintiff's motion less weight than the materiality basis, the Court agrees that Plaintiff has failed to establish good cause for her failure to incorporate this evidence into a prior proceeding.

### IV. CONCLUSION

The final decision of the Commissioner conforms with applicable law and is supported by substantial evidence. **THEREFORE, IT IS HEREBY ORDERED** that the M & R of the Magistrate Judge (Doc. 14) be **ADOPTED** and the Commissioner's decision **AFFIRMED**.

Plaintiff's Motion for Summary Judgment (Doc. 9) is **DENIED**, and Defendant's Motion for Summary Judgment (Doc. 12) is **GRANTED**.

Signed: September 12, 2011

Richard L. Voorhees
United States District Judge